IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH L. MAXWELL,

Plaintiff,

v.

CAPTAIN McCLOUD, LT. NICKLBOK,

Defendants.

Case No. 3:25-cv-01446-AB

OPINION & ORDER

**Baggio, District Judge:**

Plaintiff Joseph Maxwell ("Plaintiff"), appearing *pro se*, brings this 42 U.S.C. § 1983 action alleging that Defendants Justin McLouth and Rebecca Nicholson[1] retaliated against him while he was housed at the Deer Ridge Correctional Institution ("DRCI"). *See generally* Am. Compl. (ECF No. 10). Defendants now move for summary judgment. Mot. Summ. J. (ECF No. 21). For the reasons that follow, Defendants' Motion is GRANTED.

**BACKGROUND**

On January 18, 2025, Plaintiff was required to provide a urinalysis ("UA") sample. Am. Compl. at 1. Plaintiff was required to pull down his pants to his ankles and pull up his shirt above his stomach, which he did in view of female correctional officers. *Id*. He believed DRCI's UA

[1] Plaintiff named "Captain McCloud" and "Lt. Nicklbok" as defendants in this case. Counsel for Defendants determined that "Captain McCloud" is likely Justin McLouth, and "Lt. Nicklbok" is likely Becky Nicholson. Mot. Summ. J. at 1, fn 1.

protocols violated the Oregon Administrative Rules, in addition to state and federal laws. *Id* at 1-2. He wrote letters to various individuals, including the Oregon Attorney General, and called the Prison Rape Elimination Act ("PREA") hotline to report his concerns. *Id*. at 2; *see* Sage Decl., Ex 6 (ECF No. 23).

On or around February 27, 2025, Oregon Department of Justice received a letter from Plaintiff making a PREA complaint against corrections officers at DRCI. Sage Decl. at 2. On March 27, 2025, Defendant Nicholson interviewed Plaintiff about his letter to the Oregon Attorney General and issued a PREA Investigative Report. Sage Decl., Ex. 7. Plaintiff alleges that Defendants Nicholson and McLouth warned him to stop speaking about the UA protocols, and threatened to send him to the disciplinary segregation unit ("DSU") and that he would lose his alternative incarceration program ("AIP") credits. 2d. Am. Compl. at 2-4.

On August 18, 2025, Plaintiff filed the instant lawsuit alleging that Defendants Nicholson and McLouth retaliated against him after he reported his concerns about DRCI's UA protocols in violation of his First Amendment rights.

## LEGAL STANDARDS

### 1. Section 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To state a claim under [Section 1983], the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243,

1245 (9th Cir. 1987)).

**2. Summary Judgment**

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. *Anderson*, 477 U.S. at 249.

An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Id*. at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995).

Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, this does not relieve him of his "obligation to show a genuine issue of material fact for trial through the presentation of specific, admissible evidence." *Epling v. Komathy*, No. CV 10-5862-GAF (RNB), 2011 WL 13142131, at *1 (C.D. Cal. Dec. 5, 2011)

**DISCUSSION**

Defendants argue they are entitled to summary judgment because Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), and because Plaintiff's retaliation claims otherwise fail for lack of evidence. Mot. Summ. J. at 5-7. Plaintiff filed a Response to Defendants' Motion for Summary Judgment. *See* Resp. (ECF No. 25). The Court notes that Plaintiff's Response is materially deficient because it was not accompanied by a sworn declaration or affidavit and does not contain a concise statement of material facts not in dispute, as required by Local Rule 56-1. Notwithstanding these deficiencies, the Court will address the merits of the case.

Under the PLRA, incarcerated plaintiffs must exhaust all administrative remedies available to them within the institutions where they are housed before they may bring any federal action challenging prison conditions under 42 U.S.C. § 1983:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). By requiring exhaustion, the PLRA gives prison officials a "fair opportunity to correct their own errors" and creates an administrative record for grievances that may become the subject of federal court complaints. *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006). For purposes of the PLRA, actions brought "with respect to prison conditions" include all actions brought to challenge isolated episodes of unconstitutional or otherwise unlawful misconduct of any kind, as well as prisoner petitions challenging conditions. *See Porter v. Nitssle*, 534 U.S. 516, 532 (2002). Under the PLRA, the Court lacks discretion to consider claims challenging prison conditions unless a plaintiff has first completely exhausted available administrative remedies before filing the action in federal court. *See id*. at 524. Because exhaustion of remedies is an affirmative defense,

the plaintiff is not required to plead or demonstrate exhaustion before bringing an action challenging prison conditions. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Rather, the defendant has the burden of raising and proving that an incarcerated plaintiff failed to satisfy the PLRA's exhaustion requirement. *See id*.

Here, Defendants have presented evidence that Plaintiff failed to exhaust his administrative remedies: the Oregon Department of Corrections ("ODOC") record management system shows that Plaintiff did not submit any grievances against Defendants Nicholson or McLouth. Palin Decl., Ex. 5.[2]

In his Response, Plaintiff states that he filed four grievances after the January 18, 2025, UA because female officers were in the area where the UA was conducted, and because one female officer looked at him while he was naked. Resp. at 1.[3] He states that his grievances were returned to him because they were "filed [*sic*] out wrong or incorrect." *Id*. He further asserts that the returned grievances and his paperwork relating to this case were confiscated during a cell search in late April 2025. *See* Am. Compl. at 4; Resp. at 2. Even accepting these facts as true, Plaintiff does not allege that these grievances were returned to him for improper reasons or say what, if any, steps he took to correct or resubmit the grievances, or to complete the grievance procedure.

More importantly, though, Plaintiff does not counter Defendants' evidence that he did not file any grievances against Nicholson or McLouth regarding their alleged retaliation. Because

[2] Plaintiff did have access to ODOC's grievance process and filed a single grievance while housed at DRCI regarding damaged headphones. Palin Decl., Ex. 5.

[3] Plaintiff states:

> When the UA was done, I called and made a [PREA] report on the phone and filed four grievances . . . I filed these do [sic] to the female C.O.s that was [sic] in the area of the UAs being done and for the one female C.O. that looked inside my cell will [sic] I was naked.

Resp. at 1.

Plaintiff failed to exhaust his administrative remedies with respect to his retaliation claims against Nicholson and McLouth, Defendants are entitled to summary judgment.

Accordingly, Defendants' Motion for Summary Judgment is GRANTED. Because the Court is granting Defendants' Motion on exhaustion grounds, the dismissal is without prejudice. The Court declines to address Defendants' argument regarding the merits of Plaintiff's retaliation claims.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 21) is GRANTED. Plaintiff's Amended Complaint (ECF No. 10) is dismissed, without prejudice, for Plaintiff's failure to exhaust administrative remedies.

IT IS SO ORDERED.

10/05/2026
DATE

Amy M. Baggio
United States District Judge